■ BRASSCRAFTERS, INC., Respondent, v HERBERT B. EHRLICH et al., Appellants. — In an action, *inter alia,* for specific performance of certain restrictive covenants contained in a stock purchase agreement, for related injunctive relief, and to recover damages, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated September 17, 1984, as granted plaintiff's motion for a preliminary injunction restraining defendants, pendente lite, from (1) conducting any activity or holding any interest in any business involving the sale of fireplace equipment, at wholesale, to retail customers within the continental United States and (2) conducting business under the name "Ehrlich" or using

the word "Ehrlich" in any combination of words, upon condition that plaintiff furnish an undertaking in the sum of $25,000.

Order affirmed, insofar as appealed from, with costs.

The New York courts plainly have personal jurisdiction over the corporate defendant (*see, e.g., Sybron Corp. v Wetzel,* 46 NY2d 197) and Special Term properly balanced the equities in issuing the preliminary injunction. We would note that, irrespective of a covenant not to solicit former customers, the seller of a business has a legal duty to refrain indefinitely from acting to impair the good will transferred in connection with the sale of a business (*Mohawk Maintenance Co. v Kessler,* 52 NY2d 276) and, to prevent unfair competition, even the right to use one's own name may be enjoined (*David B. Findlay, Inc. v Findlay,* 18 NY2d 12, *cert denied* 385 US 930). Titone, J. P., Thompson, O'Connor and Rubin, JJ., concur.